Adam C. Abrahms (SBN 206010)
Christina C. Rentz (SBN 270299)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile: 310-553-2165
aabrahms@ebglaw.com
crentz@ebglaw.com

Attorneys for Petitioner
LONG BEACH MEMORIAL MEDICAL CENTER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LONG BEACH MEMORIAL MEDICAL CENTER, a California Corporation,<br><br>Petitioner,<br><br>v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,<br><br>Respondent. | Case No. 20-cv-3799<br><br>**NOTICE OF PETITION AND PETITION TO VACATE ARBITRATION AWARD**<br><br>[Filed concurrently with: Memorandum of Law; Declaration of Christina Rentz; Notice of Interested Parties]<br><br>Date:   TBD<br>Time:   TBD<br>Ctrm:   TBD<br>Judge:  TBD |

## NOTICE OF PETITION

**PLEASE TAKE NOTICE** that on a date to be decided, at a time to be decided, or as soon thereafter as the matter may be heard in a courtroom to be decided of the above-entitled court, located at 350 W 1st Street, Los Angeles, California 90012, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Petitioner Long Beach Memorial Medical Center will petition the Court to Vacate Arbitrator Ralph E. Pelhan's ("Arbitrator Pelhan") "Written Confirmation of Oral Decision and Award" ("Oral Decision") on the grounds that it is contrary to public policy; the Oral Decision does not draw its essence from the collective bargaining agreement and Arbitrator Pelhan dispensed his own brand of industrial justice; and Arbitrator Pelhan was rendered incompetent to be a FMCS arbitrator, due to a medical condition, thereby making any award outside the essence of the collective bargaining agreement and in violation of public policy.

The Petition will be based on this Notice of Petition and Petition to Vacate Arbitration Award, the concurrently filed Memorandum of Law in Support thereof, the supporting Declaration of Christina Rentz, the exhibits, the pleadings and papers filed herein in support thereof, the other written and oral evidence as may be presented at the time of the hearing, and upon all other matters as the Court may take judicial notice of and which the Court deems appropriate.

In accordance with L.R. 7-3, Adam Abrahms and Christina Rentz met and conferred with the Union Representatives Dianne Kanish and Ron Espinoza several times throughout January, February, March and April in an attempt to reach a resolution which eliminates the necessity for the Petition and resulting hearing. The Petition and resulting hearing is made following the conference of counsel pursuant to L.R. 7-3 which took place on numerous occasions throughout January, February, March and April, 2020.

- 2 -
Firm:50457043v4                                    PETITION TO VACATE ARBITRATION AWARD

**PETITION TO VACATE ARBITRATION AWARD**

Long Beach Memorial Medical Center, by and through its attorneys, Epstein Becker & Green, P.C., for its Petition to Vacate Arbitration Award, allege as follows:

**Preliminary Statement.**

1. This is an action to vacate an arbitration award brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the California Arbitration Act ("CAA"), Cal Civ. Proc. Code § 1285 *et seq*. This Petition seeks to vacate Arbitrator Pelhan's Oral Decision issued on January 16, 2020, and received on January 17, 2020. The Oral Decision is contrary to public policy. Additionally, the Oral Decision does not draw its essence from the parties' collective bargaining agreement and Arbitrator Pelhan dispensed his own brand of industrial justice. Moreover, at the time Arbitrator Pelhan issued the Oral Decision, he was not mentally competent to be a FMCS arbitrator due to a medical condition. A copy of the Oral Decision is attached to the concurrently filed Declaration of Christina Rentz in Support of Petition to Vacate ("Decl.") as **Exhibit H**.

2. Petitioner seeks an order from this Court under Section 301 of the LMRA, vacating the Oral Decision dated January 16, 2020, rendered in an arbitration before Arbitrator Pelhan.

**Parties.**

3. Petitioner Long Beach Memorial Medical Center, a California nonprofit corporation, is located at 2801 Atlantic Ave, Long Beach, CA 90806.

4. Upon information and belief, Respondent United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW" or "Union"), is a labor organization under Section II of the Labor Management Relations Act, 29 U.S.C. § 152, with its headquarters at 60 Boulevard of the Allies, Pittsburgh, PA 15222. Upon information and belief, USW's District 12 Office is located at 695 Jerry St., Suite 208, Castle Rock, CO

80104. The Sub-District 1 Office, which is responsible for administering the parties' collective bargaining agreement and which had a Staff Representative at the arbitration, is located at 861 South Village Oaks Drive, Suite 206, Covina, CA 91724. Upon information and belief, there is a USW Staff Office located at 1820 Galindo Street, suite 240, Concord, CA 94520, where authorized agents of USW have requested it receive service of this action.

### Jurisdiction.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Section 301 of the LMRA, 29 U.S.C. § 185.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Long Beach, California.

### Facts.

7. Pursuant to certifications issued by the National Labor Relations Board, the Union is the recognized exclusive representative of various classifications of the Hospital's employees, including phlebotomists, and the Union and the Hospital are parties to a collective bargaining agreement which covers the represented employees terms and conditions of employment. A true and correct copy of the collective bargaining agreement is attached to the Decl. as **Exhibit A.**

8. Prior to his termination, Daniel Navarro ("Navarro") worked as a phlebotomist at Long Beach Memorial Medical Center.

9. On June 19, 2018, Navarro was given a Written Notice of Disciplinary Action for making inappropriate sexual comments to a your female patient on June 18, 2018 which required as condition for continued employment that Navarro not have any further contact with patient. A true and correct copy of Navarro's Written Notice of Disciplinary Action is attached to the Decl. as **Exhibit B.**

10. On July 12, 2018, Navarro was terminated from his position at the Hospital, following the same young patient's complaint that, in violation of the directive given to Navarro to avoid all further contract with the patient, he again entered the same patient's room and interacted with her on July 2, 2018. A true and correct copy of Navarro's Termination Document is attached to the Decl. as **Exhibit C**.

11. USW filed a contractual grievance under the collective bargaining agreement on July 27, 2018, requesting that Navarro be reinstated to his position and made whole of any lost wages. A true and correct copy of USW's Grievance is attached to the Decl. as **Exhibit D**.

12. The Grievance was denied by Long Beach Memorial Medical Center at both Step I and Step II of the grievance process. A true and correct copy of the Hospital's Responses are attached to the Decl. as **Exhibits E and F.**

13. Pursuant to the parties' collective bargaining agreement, USW moved the grievance to arbitration. *See* Decl., **Exhibit A.**

14. An arbitration hearing was held before Arbitrator Pelhan on May 17, 2019. A true and correct copy of the Arbitration Transcript is attached to the Decl. as **Exhibit G**.

15. Following the submission of post-hearing briefs, on two occasions Arbitrator Pelhan contacted the Hospital's counsel by telephone to inform counsel that he would need additional time to prepare his decision because he was suffering from a medical condition that impaired his cognitive functions, specifically, his ability to form complete, coherent thoughts and to transcribe those thoughts into a written decision. Decl. ¶ 10.

16. On January 9, 2020, Arbitrator Pelhan, through a telephonic conference call with the parties, again explained that he was suffering from a medical condition that impaired his cognitive abilities to form thoughts and

transcribe them onto paper and then proceeded to give an interim oral decision to the parties. Decl. ¶ 11.

17. After issuing the oral decision, Arbitrator Pelhan inquired with the parties whether they would require a written decision, suggesting he would rather not prepare one and, given his condition, did not know when he could get it completed. Counsel for the Hospital stated that they were sure the Hospital would want written confirmation of the decision and likely would want the full reasoned written decision originally anticipated. Decl. ¶ 12. However, Arbitrator Pelhan did not complete a full reasoned written decision, but, rather, on January 16, 2020 he had a transcriptionist prepare for his signature the Oral Decision, which was delivered to the parties on January 17, 2020. *See* **Exhibit H**.

18. California law imposes strict mandates on hospitals to take all reasonable steps to protect the safety of their employees and their patients. *See* Cal. Gov't Code § 12940; Cal. Civ. Code § 51.9; Cal. Bus. & Prof. Code § 726(a).

19. Under the collective bargaining agreement and Federal Mediation and Conciliation Service rules and regulations, arbitrators much maintain mental competency in order to serve as an arbitrator or issue awards.

20. Pursuant to Section 301 of the LMRA and the California Arbitration Act, Petitioner has timely brought this action to vacate the Oral Decision received on January 17, 2020. *San Diego County District Council of Carpenters of United Brotherhood of Carpenters & Joiners of America v. Cory,* 685 F.2d 1137, 1138 (9th Cir. 1982) (CAA's limitations period applies to petitions under Section 301 the LMRA).

21. The Oral Decision should be vacated under Section 301 of the LMRA as it is contrary to public policy and, additionally, Arbitrator Pelhan dispensed his own brand of industrial justice.

**Vacatur of Arbitration Award under Section 301 of the LMRA.**

22. Long Beach Memorial Medical Center repeats and realleges paragraphs 1 through 21 hereof, as if fully set forth within.

23. The Oral Decision should be vacated as it is contrary public policy; namely, the strong public policies protecting employees and patients against sexual harassment. *See* Cal. Gov't Code § 12940; Cal. Civ. Code § 51.9; Cal. Bus. & Prof. Code § 726(a).

24. The Oral Decision should also be vacated as it does not draw its essence from the collective bargaining agreement and Arbitrator Pelhan dispensed his own brand of industrial justice.

25. The Oral Decision also should be vacated because due to a medical condition, Arbitrator Pelhan was rendered incompetent to be a FMCS arbitrator thereby making any award outside the essence of the collective bargaining agreement and in violation of public policy. *See* Code of Professional Responsibility for Arbitrators of Labor Management Disputes, 29 C.F.R. § 1404.4(b).

26. WHEREFORE, Long Beach Memorial Medical Center respectful requests that this court issue an order pursuant to Section 301 of the LMRA vacating the Oral Decision by Arbitrator Pelhan, and grant such other and further relief as the Court deems just and proper.

DATED: April 24, 2020

EPSTEIN BECKER & GREEN, P.C.

By: */s/ Adam C. Abrahms*
Adam C. Abrahms
Christina C. Rentz

Attorneys for Petitioner
LONG BEACH MEMORIAL MEDICAL CENTER